IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HEATHER TORCH,

      Plaintiff,

*vs*.   No._____

JOHN POTTER POSTMASTER GENERAL OF THE
UNITED STATES POSTAL SERVICE,
ELIZABETH JASLER, and ALLSTATE
INSURANCE COMPANY,

      Defendants.

**COMPLAINT FOR RECOVERY UNDER THE FEDERAL TORT CLAIMS ACT**

**COMES NOW**, Plaintiff, Heather Torch, by and through her attorneys of record, Gilpin & Keefe, P.C., (Donald G. Gilpin), to file this Complaint against Defendants, and in support thereof, alleges and states:

**INTRODUCTION**

1. This action is brought by Plaintiff pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680.

2. Plaintiff seeks damages and other appropriate legal relief.

3. Venue is proper because all the unlawful practices complained of herein occurred within the District of New Mexico.

4. Plaintiff has properly and timely exhausted her administrative remedies under the FTCA, and this action is timely filed. John Potter, Postmaster General, of the United States Postal Service ("USPS") denied Ms. Torch's claim on August 27, 2007.

5. Upon information and belief, Defendant USPS is a United States governmental entity with its principal place of business located in Washington, DC.

6. Defendant Allstate Insurance Company is a foreign corporation licensed to sell motor vehicle insurance in the State of New Mexico, having sold a policy to Elizabeth Jasler, owner and driver of the vehicle being driven at the time of the accident complained of herein.

7. Plaintiff Heather Torch is a resident of New Mexico.

8. Upon information and belief, Elizabeth Jasler is a resident of New Mexico and an employee of the USPS.

9. Defendant USPS is the party subject to suits arising from the wrongful acts of employees of the federal government while acting within the scope of their office or employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act occurred.

## ALLEGATIONS

10. On October 6, 2005, Plaintiff, in a 2004 Buick, was traveling north in the left lane on Estancia near the intersection of Miami and Estancia.

11. On October 6, 2005, Elisabeth Jasler, an employee of Defendant USPS, in a 2000 Jeep SUV, was traveling West on Miami approaching the intersection of Estancia and Miami when she crashed into the driver's side of Plaintiff's car.

12. Ms. Jasler failed to yield at a stop sign at the corner of Estancia and Miami.

13. Plaintiff was not able to take any action to avoid being hit by Ms. Jasler.

14. Ms. Jasler was cited at the scene for failure to yield at a stop sign.

15. Ms. Jasler negligently drove her car into Plaintiff's car; the acts of negligence include but are not limited to:

    a. Failure to keep a proper lookout;

    b. Failure to keep her vehicle under control;

    c. Failure to operate vehicle in a safe and reasonable manner;

    d. Failure to yield to the right of way; and

    e. Violation of state statutes and city ordinances.

16. As a result of Ms. Jasler's negligent conduct, Plaintiff suffered personal injuries.

17. As a result of Ms. Jasler's negligent conduct, Plaintiff experienced medical problems, pain and suffering, impairment, and has incurred a loss of enjoyment of life.

18. As a result of Ms. Jasler's negligent conduct, Plaintiff incurred medical costs.

19. As a result of Ms. Jasler's negligent conduct, Plaintiff suffered damage to her personal vehicle.

20. On information and belief, Ms. Jasler was operating in the course and scope of her employment to the USPS at the time of the accident.

21. The USPS is liable for the actions of its agents and employees under the theories of respondeat superior, agency, and joint enterprise.

22. Allstate Insurance Company has a contractual obligation to pay for the damages of Plaintiff as a result of Ms. Jasler's conduct, and such obligation was made pursuant to the laws of the State of New Mexico mandating automobile insurance coverage on all vehicles operating in New Mexico.

**WHEREFORE,** Plaintiff respectfully requests this Court to:

A. Award Plaintiff compensatory damages for personal injury and other damages as a result of Ms. Jasler's negligence.

B. Award Plaintiff damages for pain and suffering as a result of Ms. Jasler's negligence.

C. Award Plaintiff damages for any impairment, medical expenses, loss of enjoyment of life, and other miscellaneous damages.

D. Order Allstate Insurance Company to pay Plaintiff for the damages owed by Defendants as is consistent with the laws of the State of New Mexico; and

E. Award such further relief the Court deems just and equitable.

Respectfully submitted,

GILPIN & KEEFE, P.C.

*/s/ Donald G. Gilpin*
DONALD G. GILPIN
5100 Indian School Road, NE
Albuquerque, New Mexico 87110
(505) 244-3861 Telephone
(505) 254-0044 Fax
Attorneys for Plaintiff